

**VIA ELECTRONIC FILING**                                                                May 22, 2023

Honorable Rosemary Gambardella
United States Bankruptcy Court
District of New Jersey
50 Walnut Street
3rd Floor
Newark, New Jersey 07102

      **RE:**   *Jacobs v. Nationstar, et al*
               Case No.: 10-46222-RG
               Chapter 13

Your Honor:

    My office represents BSI Financial Services ("BSI"), which services a secured mortgage loan owed by Debtor Randall Jacobs ("Debtor"). We write in opposition to Debtor's Motion to Reinstate the Bankruptcy (Doc. 79) ("Motion").

    Debtor's Motion is fatally defective and should be denied. It provides no legal basis or statutory authority for reopening the Bankruptcy case. Further, as the Motion is filed a full seven years after the Final Decree in the Bankruptcy and more than *a dozen* years after the Debtor opened that case, Debtor's ability to reopen the case, under virtually any theory is barred under the laches doctrine. *Matter of Caicedo*, 159 B.R. at 106 (Bankr. Conn. 1993).

    The purported basis for reopening that case, namely Debtor's demand for a fuller accounting of his loan payments, overlaps entirely with the central claims of this Adversary Proceeding. Those claims have been litigated over the course of the past seven years. In that time, Debtor has presented a multitude of allegations and theories as to why his loan balance should be lowered and why this Court should deem his loan modified. These allegations and theories all fell apart under scrutiny. Now, on the eve of this Court's deciding Nationstar's years-old Motion to Dismiss the Adversary Case, Debtor tries this new tack of reopening the long-closed Bankruptcy case to seek the same relief sought in the Adversary Case.

    Beyond these claims having been thoroughly litigated, Debtor and his attorney are well aware they have already been provided all relevant documentation of the loan history and that Debtor's claims

lack merit. This explains why the Motion does not include any legal brief or argument by Debtor's attorney. Instead, it relies entirely upon the conclusory allegations and incorrect legal conclusions in Debtor's Certification. It is telling that after a decade of litigating the issues Debtor wishes to re-explore, his Certification includes no exhibits and references no actual evidence.

Throughout the Adversary Proceeding, Debtor has trumpeted the falsehood that he modified his Mortgage Loan in 2013 to a lower sum than his lender sought in the bankruptcy. He seems to now claim that payments were made on a modification agreement that never became effective. In fact, however, Debtor has conceded that he never signed the Loan Modification Agreement, which was a prerequisite to modifying the loan. The loan was simply never modified. He now also forwards the false claim that he brought the loan current by paying more than $6,000 in loan payments each month since 2013. It was clearly proven in the Adversary Proceeding, including in mediation, that Debtor never brought his loan current after 2012 and that he remains at least three years delinquent to this date. The pay histories provided to Debtor also clearly debunk his claims about the consistency and amount of his monthly payments.

In short, there is absolutely no basis to reopen the Bankruptcy Case.

Thank you in advance for your consideration of these matters.

**FRIEDMAN VARTOLO LLP**
/s Michael Eskenazi
Michael E. Eskenazi, Esq.